JOSEPH D. KIMBALL *vs.* FIRST BAPTIST SOCIETY IN AMESBURY.

The objection that a case is not one which may be referred to an auditor, under Rev. Sts. *c.* 96, § 25, must be raised before the case is so referred; or, at the latest, before proceed ing with the examination of the case before the auditor; and cannot be taken for the first time when the auditor's report is offered in evidence on the trial.

DEBT on an agreement under seal, to recover the balance of the price which the defendants thereby agreed to pay the plaintiff for building them a meeting-house. The case was referred to an auditor, whose report was offered in evidence by the plaintiff at the trial, and was objected to by the defendant, on the ground that this action did not come within the class of cases in which the court were authorized by the Rev. Sts. *c.* 96, § 25, to appoint auditors, and also because of certain rulings of the auditor on the admissibility and effect of evidence, and the measure of damages. The objections presenting questions of law, the case was reserved by *Fletcher,* J. before whom the trial was had, for the consideration of the full court. The facts necessary to the understanding of the point decided appear in the opinion.

The arguments were had at November term 1853.

*F. W. Sawyer,* for the defendants.

*O. P. Lord,* for the plaintiff.

BIGELOW, J. We have not found it necessary to consider the various objections raised to the competency of the auditor's report as evidence in behalf of the plaintiff in this case, because we are of opinion that they are not now open to the defendants. It appears that the case was sent to the auditor, without objection on the part of the defendants ; that they appeared before

him, and raised no objection to his authority or power to hear the parties, to examine their vouchers and evidence in the case, state their accounts, and report the result of his investigation to the court; that, on the contrary, they proceeded before the auditor to a full hearing of the case, examined the witnesses produced on the part of the plaintiff, introduced testimony in their own behalf, and interposed no objection to the regularity of the proceedings, or to the jurisdiction of the auditor to hear and report on the case made by the parties, until after the return of the report into this court. Under such circumstances, we think it is too late for the defendants to object to the competency of the auditor's report on the ground that the case does not come within the class of cases included in the statute authorizing the courts to appoint auditors. If they intended to rely on any such objection, it should have been raised before the court, when the motion was made to send the case to an auditor ; or, if not made then, it should, at the latest, have been raised before the auditor himself, before he proceeded to hear the case. It was in its nature a preliminary objection, and should have been stated in the outset. By omitting to take the objection seasonably, it must be considered as waived. Otherwise, it would be in the power of a party to lie by, and take his chances for a favorable result of a hearing before an auditor, and if it happened to be adverse to him, then to defeat the whole proceeding, delay the trial of the case, and, after large expenses had been uselessly incurred, to turn a party back to the same point from which he started. Such a course of practice would be entirely inconsistent with the regular course of business in courts of justice, and with good faith on the part of counsel and parties in the conduct of cases.

The specific objections, raised by the defendants to the rulings of the auditor in his report, will more properly arise at the trial of the case, after the report shall have been introduced as evidence. The judge, who shall preside at the trial, will reject such parts thereof, if any, as shall seem to him incompetent, and if either party shall then be aggrieved by his rulings, they can be revised in the usual manner. *Case to stand for trial.*